## CIRCUIT COURT OF RICHMOND COUNTY

Marine Unlimited, Inc. :

     v.

Farnham Motor Co., Inc., et al.

July 8, 1999

BY JUDGE JOSEPH E. SPRUILL, JR.

Marine Unlimited, Inc., filed this Motion for Declaratory Judgment against Farnham Motor Company, Inc., and six individuals seeking a determination of the ownership of five motor vehicles.

Farnham Motor Company has been nonsuited. All parties have agreed upon a stipulation of facts.

Marine Unlimited and Farnham Motor were each licensed motor vehicle dealers in Virginia. Farnham was an authorized Ford dealer engaged in selling and repairing new and used cars and trucks in Richmond County. Marine Unlimited consigned five used motor vehicles to Farnham which sold them to five different buyers, each of whom paid the full purchase price plus transfer and other taxes to Farnham. Farnham did not pay Marine Unlimited for these vehicles, and Marine Unlimited still holds all five certificates of title. Each of the five individual buyers assumed Farnham was the owner of the vehicles at the time of sale.

Marine Unlimited contends that it retained the titles and is now entitled to possession of the vehicles. It argues that Virginia is a strict title state in respect to the passage of ownership interests in motor vehicles and that pursuant to Virginia Code § 46.2-628, title to a vehicle does not transfer until the owner fully and correctly endorses the assignment on the certificate of title and delivers it to the purchaser. Marine argues that Virginia's titling and registration statutes are mandatory and that ownership of a vehicle does not transfer from a seller to a buyer unless the certificate of title has been delivered to the buyer pursuant to the strict requirements of these statutes. Since it retained title to these vehicles, ownership never passed from Marine

Unlimited to Farnham, it says, and therefore, Farnham could not pass title to subsequent purchasers without delivery of the title certificates. Marine Unlimited asks the Court to declare that it is the owner of the vehicles in question and is entitled to their possession.

The individual defendants claim the protections of the Uniform Commercial Code. Specifically, they claim they are buyers in the ordinary course of business as defined in paragraph (9) of § 8.1-201 of the Code, which provides:

> Buyer in the ordinary course of business means a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind ... .

The buyers further rely on Virginia Code § 8.2-403(2) which provides:

> Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him the power to transfer all rights of the entruster to a buyer in the ordinary course of business.

Counsel have cited many cases from Virginia and elsewhere, but none precisely address the issues involved here. Marine Unlimited relies on *Rawl's Auto Auction Sales, Inc. v. Dick Herriman Ford, Inc.*, 690 F.2d 422 (4th Cir. 1982), which held vehicle ownership is not transferred until its certificate of title is delivered. *Rawl's* involved a dispute between vehicle dealers, not consumers who, in the ordinary course of business, are protected under the U.C.C. Marine Unlimited correctly contends that the Virginia Supreme Court has held on several occasions that the vehicle titling statutes must be strictly complied with. Nothing in the stipulated facts of this case suggests that the buyers of these vehicles failed to perform any duty imposed by these statutes.

These individual defendants were, in fact, buyers in the ordinary course of business. The plaintiff claims that the buyers did not act in good faith because none of them asked to inspect the certificates of title. Under these circumstances, however, we cannot ascribe bad faith to individuals who pay substantial sums for these vehicles simply because they did not insist on examining the titles. We must remember that Farnham was an authorized Ford dealership that had been in business in this community for many years.

Marine Unlimited contends that the provisions of the Motor Vehicle Code, and in particular the titling requirements contained therein, override the

Uniform Commercial Code. It is not necessary to make this determination here. There is nothing to suggest that these buyers knew or had reason to know that Farnham did not have legally in its possession certificates of title to these vehicles. Therefore, § 42.2-616 has no application here. Moreover, § 46.2-1531 imposed upon Farnham a duty to inform its prospective customers that the vehicles were held by it on consignment. These purchasers were not so advised. The various sections of the Motor Vehicle Code cited by counsel impose duties on the owner or dealers. We cannot hold innocent buyers responsible for the default of others.

A comment following Virginia Code § 8.2-403 states the purpose of this statute:

> To gather the many particular situations in which a buyer in ordinary course of business from a dealer into a single principle protecting persons who buy in ordinary course out of inventory. "Consignors have no reason to complain ... since the very purpose of goods in inventory is to be turned into cash by sale."

Finally, we note that this is a contest between essentially innocent parties, all victimized by the fraudulent actions of a third party, Farnham Motors. As between these parties, Marine Unlimited was best positioned to prevent the losses which have occurred. It placed its trust in Farnham. This trust was apparently in fact misplaced, but innocent customers should not be made to suffer the losses which resulted.

Accordingly, the Court finds that the individual purchasers are the rightful owners of the vehicles for which they have paid the full purchase price. Further, they should be given the titles to their respective vehicles by Marine Unlimited.